Gilmore, C. J.
It is unnecessary to examiue at length the objections that the plaintiff urges against the validity of the proceedings and ordinances under which the street improvement was made, and the special tax assessed in this case. In our opinion the record shows that the requirements of the law, in passing these ordinances, were sub•stantially complied with both by the board of improvements and the city council, and that the proceedings and •ordinances are not invalid. This being so, we are at once brought to the inquiry whether the assessment which has been charged upon the entire tract of twenty acres of abutting but unallotted land owned by the plaintiff is a valid .assessment under the assessing ordinance.
Subject to limitations, some of which will be noticed below, section 576 of the municipal code confers power to assess the entire costs and expenses of improving a street upon the lots and lands bounding and abutting upon it.
To prevent the abuse of this great power, the general assembly, as was its duty under section 6, article 13 of the constitution, has imposed certain restrictions upon the exercise of the power, which are not merely directory, but .are intended for the protection of the property-owners, and are, therefore, mandatory.
The most important of these restrictions are found in .section 542, which, as construed in Cincinnati v. Oliver, 31 Ohio St. 371, confines the assessment by frontage, where “the abutting lands are unallotted, to the front of such lands to the usual depth of lots, and in section 543, as amended March 30, 1874 (71 Ohio L. 45), which limits'the amount that may be assessed upon such frontage to twenty-five per ■cent, of the value of the property assessed after the improvement is made, and further limits the amount that may be assessed and collected each year to ten per cent, of the value of such lot or land after the improvement was made. These sections were in force at the time the assessing •ordinance was passed, and govern the rights of the parties in this controversy, in respect to the limitations named, to •the protection of which the plaintiff is clearly entitled.
*490 It is apparent that in an assessment by frontage to pay for a street improvement, the assessment district, where the' abutting lots are all subdivided and numbered, consists of the lots so abutting on the improvement. If unallotted lands, as well as subdivided and numbered lots, abut upon the street improved, then such lots and the front of such unallotted lands, to the usual depth of lots, constitute the assessment district, and no assessment or charge can be made on lots or lands outside of or beyond the limits of the district as thus defined ; and it is by the value of the-respective lots and lands within the limits of this district, after the improvement is made, that the twenty-five percent. and ten per cent, limitations respectively are to be ascertained and made effective.
The record shows that the plaintiff’s lands are situate at the south end of the street improved, and have never been allotted, but that the premises next northerly, on both sides-of the street, had been and were allotted to Lorain street at the time the improvement was ordered and the assessment made, and the testimony tends to show that the average-depth of the lots next northerly, and in that neighborhood, did not exceed one hundred and fifty feet. Of course the-assessment upon these lots is limited to their depth; but-the plaintiff’s lands, which adjoin them and are unallotted, are assessed to the depth of eight hundred feet. Eor the-reason that the assessment, as certified to the auditor and placed on the duplicate, is made a charge on the entire tract of land belonging to the plaintiff, when only the front thereof, to the usual depth of lots, is legally liable to be-assessed to pay for the improvement in question, the assessment as made is clearly irregular and defective; and may be for a sum in excess of the amount that can be legally assessed upon the front of the plaintiff’s lands to the depth above indicated.
It follows that the judgment dismissing the petition must be reversed, and the collection of the assessment upon the tract of land, as placed on the tax duplicate, ought to> be perpetually enjoined.
*491 But, inasmuch as the record shows that expenses have-been incurred in improving the street, which are a proper charge, subject to the restrictions above mentioned, on the front of the plaintiff’s lands to the usual depth of lots, the injunction must be without prejudice to the right, of the city to collect the amount properly chargeable against the plaintiff’s lands. The record does not furnish the- data from which this court can either fix the depth to which the plaintiff’s lands are assessable, or determine the-value of the land to such depth after the improvement is-made, and hence this court is unable to apply the limitations contained in sections 542 and 543, and enter a final decree in the case.
And having found that the assessment is not void, but. merely irregular and defective, the case, we think, is within the curative provisions of section 550, and the plaintiff" having framed his petition with a view to enjoining the entire assessment in case the proceedings and assessment were held to be void, or, in the alternative, of enjoining the collection of the excess only in case the assessment was found to be merely irregular and defective, and offers to pay the-amount justly due, and to become due, if it can be ascertained, and the defendants having asked for proper relief in the case, we can see no reason why the protection of the statutory limitations or restrictions can not be extended to-the plaintiff, and the rights of the parties be ascertained,, determined, and enforced in this ease under the provisions-of section 550, the same as if the parties were reversed and the city had brought an action against the plaintiff', under section 549, to recover the assessment. Cincinnati v. Oliver, 31 Ohio St. 371.
The cause is remanded to the district court for further proceedings, in accordance with the principles settled in the ease.